UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:21-cr-218-WFJ-AAS
    18 U.S.C. § 1959(a)(3)
MAVERICK MAHER,  18 U.S.C. § 1959(a)(1)
    a/k/a "SAXON",  18 U.S.C. § 1959(a)(6)
JOSHUA FISHER,  18 U.S.C. § 1959(a)(4)
    a/k/a "HAMMER",
BRANDON WELCH,
    a/k/a "SCUMBAG",
JOSHUA WILLIAMSON,
    a/k/a "CHAIN GANG",
SCOTT MARSHALL
    a/k/a "SOLO",
SHAWN RUARK,
    a/k/a "NAZI",
JASON WOODCOCK,
    a/k/a "JAYBIRD",
BRIAN MIKKELSON,
    a/k/a "CRASH", and
JOHN EDWARD MOORE
    a/k/a "CRACKER JOHN"

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## INTRODUCTION

### A. The Enterprise

1. At various times relevant to this Indictment, the defendants,

MAVERICK MAHER,
a/k/a "SAXON",
JOSHUA FISHER,
a/k/a "HAMMER",
BRANDON WELCH,
a/k/a "SCUMBAG",
JOSHUA WILLIAMSON,
a/k/a "CHAIN GANG",
SCOTT MARSHALL,
a/k/a "SOLO",
SHAWN RUARK,
a/k/a "NAZI",
JASON WOODCOCK,
a/k/a "JAYBIRD",
BRIAN MIKKELSON,
a/k/a "CRASH" and
JOHN EDWARD MOORE
a/k/a "CRACKER JOHN"

and others known and unknown to the Grand Jury, were members and associates of the Unforgiven, a criminal organization whose members and associates engaged in acts of violence, including acts and threats involving murder, kidnapping, robbery, as well as dealing in a controlled substance and obstructing justice, and which operated in the Middle District of Florida and elsewhere.

2. The Unforgiven, including its leadership, membership, and associates, constituted an "enterprise" as defined in 18 U.S.C. § 1959(b)(2) (hereinafter, "the Enterprise") that is, a group of individuals associated in fact, although not a legal entity, which is engaged in, and whose activities affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### B. Purposes of the Enterprise

3. The purposes of the Enterprise included the following:

   a. Propagating "Aryan Philosophy";

   b. Preserving and expanding the power, territory, and reputation of the Enterprise through recruitment, indoctrination of white supremacist ideology, pursuit of business and political leadership, intimidation, and threats and acts of violence;

   c. Keeping rivals in fear of the Enterprise and in fear of its members and associates through threats and acts of violence;

   d. Enriching the members and associates of the Enterprise through, among other things, distribution of weapons, narcotics, and contraband;

   e. "[C]reat[ing] a front to resist and rebel" against a perceived "constant and almost brutal victimization of Whites" in the Florida Department of Corrections; and

   f. Protecting Enterprise members by concealing, destroying evidence of, and threatening or retaliating against witnesses to, its illegal activities.

4. The above-described Enterprise, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), namely:

3

  a. acts and threats involving murder, in violation of Sections 782.04, 777.011, and 777.04 of the Florida Statutes;

  b. acts and threats involving kidnapping, in violation of Sections 787.01(1)(a), 777.011, and 777.04 of the Florida Statutes;

  c. acts involving robbery, in violation of Sections 812.13(1), 777.011, and 777.04 the Florida Statutes;

acts indictable under the following provisions of federal law:

  d. 18 U.S.C. § 1503 (relating to obstruction of justice); and

  e. 18 U.S.C. § 1512 (relating to tampering with witnesses, victims, or informants);

and offenses involving the felonious manufacture, receiving, concealment, buying, selling, and otherwise dealing in controlled substances or listed chemicals, in violation of:

  f. 21 U.S.C. § 841 (distributing and possessing with intent to distribute controlled substances); and

  g. 21 U.S.C. § 846 (conspiracy and attempt to distribute and possess with intent to distribute controlled substances).

### C. Means and Methods

5. Among the means and methods by which the defendants and other Enterprise members and associates agreed to conduct and to participate in the conduct of the affairs of the Enterprise were the following:

  a. Members and associates of the Enterprise would and did require the study of "Aryan Philosophy," and the commission of acts of extreme violence as a prerequisite to membership in the Enterprise;

  b. Members and associates of the Enterprise would and did strive to retain and recruit members, and to disseminate their ideology throughout the United States and abroad, and to future generations;

  c. Members and associates of the Enterprise would and did expect all members to follow orders of senior members within the Enterprise;

  d. Members and associates of the Enterprise would and did expect all members to be battle-ready at all times;

  e. Members and associates of the Enterprise would and did promote a climate of fear in non-members or non-conforming members through threats and acts of violence;

  f. Members and associates of the Enterprise would and did disseminate and seek to enforce compliance—through violence if necessary—with a constitution and bylaws;

  g. Members and associates of the Enterprise would and did expect all members to take an oath to the Enterprise's constitution, and would and did deem violators of the constitution to be "traitors" who would "be dealt with in the most extreme form";

  h. Members and associates of the Enterprise would and did kidnap, assault, batter, and stab members and associates of the Enterprise who did not abide by Enterprise rules;

  i. Members and associates of the Enterprise would and did require demonstrations of loyalty to the Enterprise, including but not limited to committing acts of violence, getting "patches" (tattoos bearing a swastika, Iron Cross, and S.S. bolts), paying dues, learning hand signs and code words and phrases, and attending "Church" (enterprise meetings);

  j. Members and associates of the Enterprise would and did acquire, share, and distribute controlled substances and weapons;

  k. Members and associates of the Enterprise would and did provide contraband to members and associates during periods of incarceration to promote and expand Enterprise members' power, status, and loyalty;

  l. Members and associates of the Enterprise would and did require Enterprise Members to commit acts of violence in retaliation for any disrespect shown to the Enterprise or its members;

  m. Members and associates of the Enterprise would and did seek to attain, maintain, and increase status in the Enterprise by, and attribute status to, participation in acts of violence, and would and did tout acts of violence they had committed;

6

   n. Members and associates of the Enterprise would and did use interstate wire and electronic communications, and other facilities of interstate commerce, to promote and conduct the affairs of the Enterprise;

   o. Members and associates of the Enterprise would and did create a political branch called Route 21, in an attempt to disguise the white supremacist roots of its political activity;

   p. Members and associates of the Enterprise would and did attempt to use corrupt law enforcement officers and state employees to gather information about members and probates, and about the investigation and impending prosecution of its members and associates, and to smuggle contraband to incarcerated inmates;

   q. Members and associates of the Enterprise would and did obstruct and attempt to obstruct justice and would and did tamper with and attempt to tamper with witnesses by intimidation, threats, and acts of violence; and

   r. Members and associates of the Enterprise would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of, and acts done in furtherance of, the illegal purposes and activities of the Enterprise.

## COUNT ONE
### (Assault in Aid of Racketeering Activity)

  1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

  2. On or about January 2, 2019, in the Columbia Correctional Institution,

7

in the Middle District of Florida, the defendants,

> BRANDON WELCH,
> a/k/a "SCUMBAG", and
> JOSHUA WILLIAMSON,
> a/k/a "CHAIN GANG",

while aiding and abetting each other, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly committed an assault with a dangerous weapon and an assault resulting in serious bodily injury to J.T., in violation of Fla. Stat. §§ 784.021, 777.011, and 784.045.

In violation of 18 U.S.C. §§ 1959(a)(3) and 2.

### COUNT TWO
### (Assault in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2. On or about January 18, 2019, in the Middle District of Florida, the defendants,

> MAVERICK MAHER,
> a/k/a "SAXON", and
> JOSHUA FISHER,
> a/k/a "HAMMER",

while aiding and abetting each other, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly committed an assault with a

dangerous weapon and an assault resulting in serious bodily injury to C.L., in violation of Fla. Stats. §§ 784.045 and 777.011.

In violation of 18 U.S.C. §§ 1959(a)(3) and 2.

## COUNT THREE
### (Kidnapping in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2. On or about January 18, 2019, in the Middle District of Florida, the defendants,

JOSHUA FISHER,
a/k/a "HAMMER"

while aiding and abetting each other, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly kidnapped C.L., in violation of Fla. Stats. §§ 787.01(1)(a) and 777.011.

In violation of 18 U.S.C. §§ 1959(a)(1) and 2.

## COUNT FOUR
### (Conspiracy to Commit Assault in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2. Between in or around January 2019 and continuing until at least in or around July 2019, in the Middle District of Florida and elsewhere, the defendants,

9

MAVERICK MAHER,
a/k/a "SAXON", and

JOSHUA FISHER,
a/k/a "HAMMER,"

and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly conspired to commit assault with a dangerous weapon against and assault resulting in serious bodily injury to T.B., in violation of Fla. Stat. §§ 784.021, 784.045, and 777.04.

In violation of 18 U.S.C. § 1959(a)(6).

## COUNT FIVE
**(Conspiracy to Commit Assault in Aid of Racketeering Activity)**

1.  Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2.  On or about February 1, 2019, in the Middle District of Florida and elsewhere, the defendants,

JOSHUA FISHER,
a/k/a "HAMMER",

and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly conspired to commit assault with a dangerous weapon against and assault resulting in serious bodily

10

injury to members of rival gang the United Aryan Brotherhood (UAB), in violation of Fla. Stat. §§ 784.021, 784.045, and 777.04.

In violation of 18 U.S.C. § 1959(a)(6).

## COUNT SIX
### (Threat of Violence in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2. In or around February 2019, in the Middle District of Florida and elsewhere, the defendants,

MAVERICK MAHER,
a/k/a "SAXON",

while aiding and abetting each other and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly threatened to commit a crime of violence against a person who falsely represented membership in the Unforgiven and disrespected a member of the Enterprise, in violation of Fla. Stat. §§ 836.10, 777.04, and 777.011.

In violation of 18 U.S.C. §§ 1959(a)(4) and 2.

## COUNT SEVEN
### (Conspiracy to Commit Assault in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

11

2. On or about February 11, 2019, in the Middle District of Florida and elsewhere, the defendants,

MAVERICK MAHER,
a/k/a "SAXON", and
JOSHUA FISHER,
a/k/a "HAMMER",

and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly conspired to commit assault with a dangerous weapon against and assault resulting in serious bodily injury to H.W., in violation of Fla. Stat. §§ 784.021, 784.045, and 777.04.

In violation of 18 U.S.C. § 1959(a)(6).

## COUNT EIGHT
### (Conspiracy to Commit Assault in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about February 28, 2019 and continuing to on or about March 11, 2019, in the Middle District of Florida and elsewhere, the defendant,

MAVERICK MAHER,
a/k/a "SAXON",

and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly conspired to commit

assault with a dangerous weapon against and assault resulting in serious bodily injury to persons the defendants characterized as "gray boys" and "race traitors," in violation of Fla. Stat. §§ 784.021, 784.045, and 777.04.

In violation of 18 U.S.C. § 1959(a)(6).

## COUNT NINE
### (Threat of Violence in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2. In or around July 2019, in the Middle District of Florida and elsewhere, the defendant,

MAVERICK MAHER,
a/k/a "SAXON",

for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly threatened to commit a crime of violence against T.B., in violation of Fla. Stat. § 836.10.

In violation of 18 U.S.C. § 1959(a)(4).

## COUNT TEN
### (Kidnapping in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

13

2. On or about November 9, 2019, in the Middle District of Florida, the defendant,

>SCOTT MARSHALL,
>a/k/a "SOLO",

while aiding and abetting each other and other persons known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly kidnapped R.S., in violation of Fla. Stats. §§ 787.01(1)(a) and 777.011.

In violation of 18 U.S.C. §§ 1959(a)(1) and 2.

## COUNT ELEVEN
### (Assault in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2. On or about November 9, 2019, in the Middle District of Florida, the defendant,

>SCOTT MARSHALL,
>a/k/a "SOLO",

while aiding and abetting each other and other persons known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly committed an assault with a dangerous weapon against and assault

14

resulting in serious bodily injury to R.S., in violation of Fla. Stat. §§ 784.021, 784.045, and 777.011.

In violation of 18 U.S.C. §§ 1959(a)(3) and 2.

## COUNT TWELVE
(Assault in Aid of Racketeering Activity)

1. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2. On or about July 25, 2020, in the Middle District of Florida, the defendants,

> MAVERICK MAHER,
> a/k/a "SAXON",
> JOSHUA FISHER,
> a/k/a "HAMMER",
> SHAWN RUARK,
> a/k/a "NAZI", and
> JASON WOODCOCK,
> a/k/a "JAYBIRD",

while aiding and abetting each other and other persons known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly committed an assault with a dangerous weapon against and assault resulting in serious bodily injury to C.S., in violation of Fla. Stat. §§ 784.021, 784.045, and 777.011.

In violation of 18 U.S.C. §§ 1959(a)(3) and 2.

15

## COUNT THIRTEEN
### (Assault in Aid of Racketeering Activity)

1.  Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

2.  On or about July 2020, in the Middle District of Florida, the defendants,

>   MAVERICK MAHER,
>   a/k/a "SAXON",
>   JOSHUA FISHER,
>   a/k/a "HAMMER",
>   SHAWN RUARK,
>   a/k/a "NAZI", and
>   BRIAN MIKKELSON,
>   a/k/a "CRASH"

while aiding and abetting each other and other persons known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly committed an assault with a dangerous weapon against and assault resulting in serious bodily injury to W.H., in violation of Fla. Stat. §§ 784.021, 784.045, and 777.011.

In violation of 18 U.S.C. §§ 1959(a)(3) and 2.

16

## COUNT FOURTEEN
### (Assault in Aid of Racketeering Activity)

3. Paragraphs One through Five of the Introduction are realleged and incorporated by reference as though fully set forth herein.

4. On or about October 25, 2020, in the Middle District of Florida, the defendants,

JOSHUA FISHER,
a/k/a "HAMMER,"
BRIAN MIKKELSON,
a/k/a "CRASH" and
JOHN EDWARD MOORE
a/k/a "CRACKER JOHN"

while aiding and abetting each other and other persons known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Unforgiven, an enterprise engaged in racketeering activity, unlawfully and knowingly committed an assault with a dangerous weapon against and assault resulting in serious bodily injury to P.K., in violation of Fla. Stat. §§ 784.021, 784.045, and 777.011.

In violation of 18 U.S.C. §§ 1959(a)(3) and 2.

A TRUE BILL,

███████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Samantha E. Beckman
Assistant United States Attorney

By: _____
James C. Preston
Assistant United States Attorney
Chief, Violent Crime and Narcotics Section

18

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

MAVERICK MAHER, ET AL

SUPERSEDING INDICTMENT

Violations: 18 U.S.C. §§ 1959(a)(3) and 2

A true bill.

███████████████████████
Foreperson

Filed in open court this 1st day of March, 2023.

_____
Clerk

Bail $_____

GPO 863 525